IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**THOMAS E. PEREZ,**
Secretary of Labor,
United States Department of Labor,
   Plaintiff,

  vs.

**ZL RESTAURANT CORPORATION,
D/B/A FAMOUS WOK,** and
**LIXIN ZHANG,** an individual,
   Defendants.

No. 13-CV-0075-MV-GBW

**MEMORANDUM OPINION AND ORDER**

  **THIS MATTER** comes before the Court on Defendant Lixin Zhang's Letter Motion for Relief from Judgment [Doc. 42] and Defendant's Respondents File it as a Motion to Dismiss and Newly Discovered Evidence That to Plaintiff [Doc. 45] (phrasing original).  The Court interprets this latter filing as a reply to Plaintiff's Response [Doc. 44] and, will therefore treat Plaintiff's response to the Motion to Dismiss [Doc. 46] as a surreply.  The Court having considered the Motions, briefs, relevant law, and being otherwise fully informed, finds that Defendant's Motions are not well-taken and therefore will be **DENIED.**

**PROCEDURAL BACKGROUND**

  The convoluted procedural history of this case is recounted in greater detail in the Court's Memorandum Opinion and Order granting Plaintiff's Motion for

1

Summary Judgment. *See generally* Doc. 35. As is relevant here, the Secretary of Labor brought an enforcement action against Defendant Lixin Zhang and his corporate counterpart, ZL Restaurant Corporation, pursuant to its authority under the Fair Labor Standards Act ("FLSA"). After protracted litigation, the Secretary filed a Motion for Summary Judgment [Doc. 23] on August 19, 2014, to which Zhang responded [Docs. 25, 28]. The Court granted summary judgment in the Secretary's favor on December 30, 2014. Defendant Zhang did not appeal this decision. Approximately one month later, on January 29, 2015, the Secretary timely moved for fees and costs. The Court referred this motion to the Magistrate Judge and ultimately adopted his Report and Recommendation granting the Secretary reasonable fees and costs on April 24, 2015. *See generally* Docs. 40-41.

Nearly two months later, on June 23, 2015, the Court received a plaintive letter from Zhang. *See generally* Doc. 42. Read with the lenity and charity accorded *pro se* filings, the Court interpreted Zhang's letter as a request for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Consequently, the Court set the matter for briefing [Doc. 43]; the Secretary timely responded [Doc. 44], Zhang submitted a supplemental filing [Doc. 45], and the Secretary again timely responded [Doc. 46]. The Court finds that Zhang's requests are without merit.

## DISCUSSION

### I. Federal Rule of Civil Procedure 60(b)

Federal Rule of Civil Procedure 60(b) provides that that a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" for

2

six enumerated reasons, including, as are relevant here, "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial," "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," and "any other reason that justifies relief." Fed. R. Civ. P. 60(b). However, "[r]elief under this rule is extraordinary and may only be granted in exceptional circumstances." *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (internal quotation marks omitted). *See also Pedroza v. Lomas Auto Mall, Inc.*, 304 F.R.D. 307, 326 (D.N.M. 2014) ("Rule 60(b) is an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule.") (internal quotation marks omitted).

"A litigant demonstrates 'exceptional circumstances' by satisfying at least one of Rule 60(b)'s six grounds for relief." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006). Moreover, the Court is mindful that "Rule 60(b) is not a substitute for appeal, and must be considered [in conjunction] with the need for finality of judgment." *Macias v. New Mexico Dep't of Labor*, 300 F.R.D. 529, 542 (D.N.M. 2014) (internal quotation marks omitted). *See also Cummings v. Gen. Motors Corp.*, 365 F.3d 944, 955 (10th Cir. 2004) ("Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal."); *Kerber v. Qwest Grp. Life Ins. Plan*, 727 F. Supp. 2d 1076, 1077 (D. Colo. 2010) ("Motions to alter or amend judgment are regarded with disfavor.").

## II. The Instant Case

### a. *Zhang's Letter Motion*

In his letter, which the Court has charitably construed as a Motion pursuant to Rule 60(b), Zhang avers that he has "not been successful in finding the opportunity for proper communication" with the Court regarding its Judgment. Doc. 42 at 1. From what the Court can discern from the Letter Motion, Zhang is "not able to find a suitable attorney to represent" him, and has sought legal advice "from agency officials," who, understandably, declined. *Id.* Zhang then asserts that he has "looked forward to a trial, so [he] could have the fair and proper chance to litigate [his] case," but "to [his] shock and demise [sic], this is not what happened." *Id.* The Court granted summary judgment in Plaintiff's favor, which Zhang believes "deprives [him] of [his] basic rights to have [his] day in court" where he could present the "ample evidentiary support against the plaintiffs [sic]." *Id.* Ultimately, the Court construed this letter as a request for relief from judgment pursuant to Rule 60(b)(6), which provides that a court may grant relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

The Court perceives nothing in Zhang's Motion that would militate in favor of setting aside its Judgment. First, to the extent that Defendant complains about the institution of summary judgment in general, his quarrel is with the Federal Rules of Civil Procedure, rather than this Court's Judgment. The propriety of granting summary judgment in advance of trial where circumstances dictate is now beyond dispute and will not be revisited here by this Court. Second, if Plaintiff had, indeed,

4

accumulated such "ample evidentiary support" in his defense, is is unclear why he presented virtually none of this evidence to the Court when confronted with the Secretary's Motion for Summary Judgment. Indeed, Plaintiff's sole explanation in his letter appears to be that he was not represented by counsel and did not appreciate that the case could end as a result of the Secretary's Motion. Third and finally, Defendant does not explain why, if he has "been eager to find the appropriate means of expressing [his] true circumstances" since "the time that [he] received the judgment" and has "put forth [his] utmost effort," he did not simply appeal the Court's decision or write a letter to this Court sooner than **six months** after the Court entered judgment. Doc. 42 at 1.

Although the Court feels sympathy for Zhang's difficulty in securing legal representation, it is compelled to reiterate that "[a]lthough Zhang is a *pro se* litigant and this Court must interpret his filings liberally, his duty to abide by all rules of procedure, including the local rules, is not abated." Doc. 35 at 2-3 (citing *Keeher v. Dunn*, 409 F. Supp. 2d 1266, 1270 (D. Kan. 2005)). Consequently, as this Court explained before, Defendant was obligated to respond appropriately to the Secretary's Motion for Summary Judgment with competent evidence. Similarly, Defendant was required to appeal this Court's disposition if he disagreed with it; the Court will not now employ the "extraordinary" remedy provided by Rule 60(b) to obviate this obligation. *See Macias* 300 F.R.D. at 542 ("Rule 60(b) is not a substitute for appeal, and must be considered with the need for finality of judgment.") (internal quotation marks omitted). The Court recognizes that this

5

disposition may frustrate Zhang, but this result is compelled by the operation of rules that the Court cannot ignore.

### b. Zhang's "Motion to Dismiss"

In his "Motion to Dismiss and Newly Discovered Evidence" Zhang asserts that "the administrator's [sic] case is fraudulent and has no merit in fact," such that the Court presumes that Zhang seeks relief under Rule 60(b)(2) and (3). Doc. 45 at 1. *See also* Fed. R. Civ. P. 60(b)(3) (providing for relief from judgment in cases of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party"). Zhang's Motion must be denied.

First, in a Rule 60(b)(2) motion predicated on "newly discovered evidence," a movant must demonstrate that "(1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence [was] not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result." *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011) (internal quotation marks omitted). As Plaintiff notes, Defendant Zhang has not established any of these elements. To the contrary, even a cursory review of the documents attached to the Motion makes apparent that the vast majority of the submitted material was available to Zhang **before** the Court entered Judgment against him, that Zhang was, accordingly, not diligent in collecting these documents, and that this evidence is largely immaterial.

Consequently, the Court finds that there is no "newly discovered" evidence as would justify granting Defendant's Motion on the basis of Rule 60(b)(2).

Second, contrary to Zhang's insistence that he "wishes to submit evidence that the administrator's [sic] case is fraudulent and has no merit in fact," he presents no evidence whatsoever that the Secretary of Labor has defrauded Defendant or this Court. Doc. 45 at 1. *See also O'Brien v. Mitchell*, 883 F. Supp. 2d 1055, 1083 (D.N.M. 2012) ("When alleging a claim of fraud on the court, the plaintiff must show by clear and convincing evidence that there was fraud on the court, and all doubts must be resolved in favor of the finality of the judgment.") (internal quotation marks omitted). That is, while Zhang obviously disagrees with the Secretary's version of events, he has not presented *any* evidence that would suggest that the evidence submitted by the Secretary in support of summary judgment was fabricated, falsified, fraudulent, or otherwise improper. Indeed, other than Plaintiff's *ipse dixit*, there is nothing in the materials that Zhang submitted that would even suggest that the Secretary "has cheated the court by presenting false testimony and fabricating witness [sic] who claim to have met with Mr. Zhang, but in reality did not." *Id.* Accordingly, the Court must decline Defendant's request to relieve him from judgment pursuant to Rule 60(b)(3).

## CONCLUSION

For the foregoing reasons, the Court will **DENY** Defendant Lixin Zhang's Letter Motion for Relief from Judgment [Doc. 42] and Respondents File it as a Motion to Dismiss and Newly Discovered Evidence That to Plaintiff [Doc. 45].

7

Dated this 18th day of February, 2016.

**IT IS THEREFORE ORDERED** that both Defendant Lixin Zhang's Letter Motion for Relief from Judgment [Doc. 42] and Respondents File it as a Motion to Dismiss and Newly Discovered Evidence That to Plaintiff [Doc. 45] will be **DENIED.**

                                                **MARTHA VÁZQUEZ**
                                                UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Lixin Zhang | Jennifer J. Johnson, *et al.* |
| **Pro Se** | **United States Department of Labor** |
| Phoenix, Arizona | Dallas, Texas |
| ***Attorney for Defendant*** | ***Attorneys for Plaintiff*** |